**UNITED STATES of America,**
**Appellee,**

v.

**Ilan ARBEL, Defendant–Appellant.**

**No. 04–2365CR.**

United States Court of Appeals,
Second Circuit.

March 23, 2005.

John L. Pollok, Hoffman & Pollok LLP (Susan C. Wolfe, on the brief), New York, NY, for Defendant–Appellant.

Elaine D. Banar, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, on the brief; Cecil C. Scott, Assistant United States Attorney, Douglas A. Leff, Special Assistant United States Attorney), Brooklyn, NY, for Appellee, of counsel.

PRESENT: Hon. CHESTER J. STRAUB and Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. WILLIAM K. SESSIONS, III, Chief District Judge.[1]

*SUMMARY ORDER*

Defendant–Appellant Ilan Arbel ("Arbel") appeals from an April 28, 2004, judgment of conviction entered by the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*) upon Arbel's plea of guilty to one count of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371, and two counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff. The District Court, applying the United States Sentencing Guidelines, sentenced Arbel to 120 months' imprisonment to be followed by three years of supervised release, a $300 special assessment, and a forfeiture judgment of $20 million.

On appeal Arbel argues that the District Court erred by imposing sentence enhancements based on obstruction of justice, role, and more than minimal planning, and by declining to apply an acceptance of responsibility adjustment. Arbel's argument challenges both the accuracy of the District Court's Guidelines calculations and the propriety of the District Court's conduct in light of *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In addition, Arbel, joined by the government, asserts that the District Court erred by imposing a forfeiture judgment of $20 million.

After this appeal was filed the Supreme Court issued its decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and we decided *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). On February 8, 2005, Arbel, relying on these decisions, requested remand to the District Court for consideration of resentencing. The parties subsequently stipulated to remand under *Crosby* and the government so moved. In support of that

---

1. The Honorable William K. Sessions, III, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

motion, the government reiterated its agreement that the District Court erred by imposing a $20 million forfeiture judgment.

We agree with the parties that the District Court's forfeiture judgment was entered in error. The plea agreement and Consent Order of Forfeiture provided that Arbel would forfeit $8 million upon his conviction. The agreement also provided that Arbel's failure to fully disclose assets in his financial statement would permit the government to seek forfeiture of up to $12 million *of those undisclosed assets*, for a total potential forfeiture judgment of $20 million. At sentencing, based on the government's representation that Arbel had failed to disclose some assets valued at approximately $67,000, the District Court increased the forfeiture judgment to $20 million. This was plainly erroneous. The consent order limited the amount of any increase to the value of undisclosed assets that were actually determined to exist. The parties agree that the government did not provide the District Court with a factual basis for a finding that Arbel failed to disclose $12 million of assets. It was, therefore, error for the District Court to increase the forfeiture judgement by $12 million in these circumstances.[2]

In light of this error and the stipulation of the parties to remand pursuant to *Crosby*, we grant the government's motion. The case is remanded for further proceedings consistent with this order and our decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). Though the judgment of the District Court is remanded for further consideration, neither Arbel's sentence nor the forfeiture judgment are vacated by this order.

Any appeal taken from the District Court following this remand and resentencing, to the extent it occurs, can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b). A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order. The mandate shall issue forthwith.

For the foregoing reasons, the motion brought by the government and stipulated to by Arbel is GRANTED and the case is hereby REMANDED for further proceedings consistent with this order.

2. As Arbel does not raise a *Blakely* challenge to his forfeiture judgment, we do not reach the impact, if any, of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) on forfeiture orders.